UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-

GERALD PAYNE,

    Defendant.
_____/

Case No.  8:99-CR-78-T-27MSS
              8:05-CV-259-T-27MSS

## ORDER

Before the Court are Petitioner's Reply to United States' Response in Opposition to Pending Section 2255 Habeas Petition (Dkt. 6) and Motion for Court to Take Judicial Notice of Facts Related to Valid Claims Revised in Bankruptcy Court to $50 Million from $85 Million (Dkt. 7). The Reply is signed "M. Gengler for G. Payne" ( Dkt. 6 at 11), and the request for judicial notice is signed "Gerald Payne by Marilyn Gengler" (Dkt. 7 at 4).

The Court takes judicial notice of information made available by The Florida Bar on its internet database viewed May 11, 2005, http://www.flabar.org/names.nsf/ . *See* Fed. R. Evid. 201. Marilyn Gengler is not a member of The Florida Bar, and she has not otherwise been granted leave to appear before this Court. *See Wheat v. United States*, 486 U.S. 153, 159 (1988) ("[A]n advocate who is not a member of the bar may not represent clients (other than himself) in court."). *See also* Local Rule 1.05(d) (M.D. Fla. 2004) ("All pleadings, motions, briefs, applications and other papers tendered by counsel for filing shall be signed personally by counsel as required by Rule 11, Fed.R.Civ.P."); Local Rule 2.01(a) (M.D. Fla. 2004) ("No person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in

the Court pursuant to this rule (or heretofore admitted under prior rules of the Court"). Even if Ms. Gengler were an attorney admitted to practice before this Court, she could not file documents on Petitioner's behalf because he is proceeding *pro se*. See Local Rule 2.03(d) (M.D. Fla. 2004) ("[a]ny party for whom a general appearance of counsel has been made shall not thereafter take any step or be heard in the case in proper person, absent prior leave of Court; nor shall any party, having previously elected to proceed in proper person, be permitted to obtain special or intermittent appearances of counsel except upon such conditions as the Court may specify.").

ACCORDINGLY, the Court **ORDERS** that:

1. The Clerk shall **STRIKE** Petitioner's Reply to United States' Response in Opposition to Pending Section 2255 Habeas Petition (Dkt. 6). Petitioner shall, **within FIFTEEN 15 DAYS hereof**, file a properly executed reply to Respondent's response.

2. The Clerk shall **STRIKE** Petitioner's Motion for Court to Take Judicial Notice of Facts Related to Valid Claims Revised in Bankruptcy Court to $50 Million form $85 Million (Dkt. 7).

**ORDERED** in Tampa, Florida on May 16th, 2005.

JAMES D. WHITTEMORE
United States District Judge

SA: jsh

Copy to: All Parties of Record